## THE EUNICE.

(Third Division. Valdez. July 1, 1921.)

No. 1033.

**1. Salvage** ⬅⟳9—**Admiralty—Maritime Liens.**

    The power schooner Eunice, of 50 tons burden, was moored by two anchors in Little Harbor, Unga, in November, 1919. Johnson, intervening libelant, was staying on the schooner, without contract of employment and by sufferance, furnishing

his own food and fuel. A heavy storm arising, the Eunice drift- ed on the shore, the cable on one anchor parted, and the other anchor dragged. Johnson called on Shea, McInnis, Larsen, and Arnesen, who were close by, and, with the assistance of the power boat Flossie, of 8 tons burden, in charge of Shea, suc- ceeded in hauling the Eunice off shore, working several hours on two tides, and she was anchored again by Johnson in a safe position. The testimony showed that a severe storm was rag- ing, and, unless the Eunice had been promptly salvaged, she might have been a total loss. Johnson showed other work of pumping. On libels by Shea, McInnis, Larsen, and Arnesen, and intervening libel by Johnson, *held*, libelants entitled to recover for salvage and amounts fixed by the court.

**2. Salvage ⬡⟿7—Watchman on Vessel.**

Where one remains on a vessel without contract of em- ployment and by sufferance, furnishing his own food and fuel. and, acting with other volunteers whom he calls, rescues the ves- sel from total loss in a storm, the services are not those of a mere watchman or caretaker, but those required of a mariner, protecting the vessel from the perils of the sea, for which he may libel the vessel and recover salvage for his services.

Donohoe & Dimond, of Valdez, and Lyons & Ritchie, of Seattle, Wash., for libelants.

L. V. Ray, of Seward, for claimant.

BROWN, District Judge. The power schooner Eunice, of 50 tons burden, was moored by two anchors in Little Harbor, near Unga, Alaska, in November, 1919. John A. Johnson, in- tervener, was staying on the schooner, without contract of em- ployment and by sufferance, furnishing his own food and fuel. A heavy storm arising, the Eunice drifted on the shore, the cable on one anchor parted, and the other anchor dragged. Johnson called on J. Shea, J. M. McInnis, Bernhard Larsen, and Andrew Arnesen, who were close by, and, with the assist- ance of the power boat Flossie, of 8 tons burden, in charge of James Shea, succeeded in hauling said power boat Eunice off the shore, working several hours on two tides, when she was anchored again by Johnson in a safe position. ·

The testimony shows that a severe storm was raging, and, unless the Eunice had been promptly salved, she might have been a total loss. Shea testifies that the Flossie was in a very dangerous position in the work of rescue, being close in to the surf, when getting a line to the Eunice.

⬡⟿See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A coil of new line was furnished by J. A. McInnis from the launch Tekla, testified to as being worth about $200, but this line was returned to McInnis, after the Eunice was towed off the shore. The value of the Eunice is shown to be about $12,000. The libelants claim $5,000 for salvage services.

Johnson, by his intervening libel, claims that he remained on board the Eunice from November 26, 1919, until March 1, 1920, when she was taken in charge by the Union Fish Company, claiming to be the owner. He claims that the Eunice was leaking very badly, and that he was each day required to keep the pumps going; that he spoke to one Hoelke, who was the agent for the owner at Unga, and told him what he was doing and secured a pump from Hoelke to aid in keeping the Eunice afloat. Johnson claims for salvage services the sum of $250, and for services performed in taking care of, pumping out, and looking after said Eunice, $150 per month from November 26, 1919, to March 1, 1920, amounting to $475, and $225 for fuel and provisions consumed by him during that time. From the undisputed testimony it appears that the libelants and the intervener did rescue the Eunice from a position threatening to leave her a total loss.

I have carefully considered the testimony, and I believe there should be allowed libelants the sum of $1,300, to be divided as follows:

To Bernhard Larsen, $250; to Andrew Arnesen, $250; to James Shea, $500 (including compensation of $250 for the use of the launch Flossie); and to J. A. McInnis, $300 (including $50 for the use of the rope or line furnished by him); and there should be a further allowance to the intervener, Johnson, of the sum of $700 for his services in caring for the said Eunice for three months and five days at $150 a month and $225 for fuel and supplies. Johnson owed a duty to the owner by reason of his living on the Eunice at the time of the wreck, and I do not believe he should be allowed anything for services in hauling her off the shore.

As a general rule services rendered by a watchman employed to care for a vessel in a home port, "out of commission, and with no voyage in contemplation, is not maritime." Williams v. The Sirius (D. C.) 65 Fed. 226.

This is a case very carefully considered by Judge Morrow

and the principle involved is fully analyzed. On page 234 of said opinion he quotes with approval the following:

"The contract related to a vessel afloat and about to proceed on a voyage, and it concerned not only her preservation from marine dangers, but her reparation, and the fitting of her for navigation. The libelant's services directly promoted all these objects. The principal dangers to which the boat was exposed, and from which she was to be protected, were perils of the river. The services in that regard here rendered were not those of a landsman. They could be performed properly by a mariner only."

I feel satisfied from the testimony in this case that the services performed by Johnson were not those of a mere watchman or caretaker, but those required of a mariner, protecting the vessel from the perils of the sea, keeping her afloat by the daily use of pumps and other services of a maritime nature. See, also, The Hattie Thomas (D. C.) 59 Fed. 297.

Decree may be entered in conformity.